**William PARENT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 67847.**

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 23, 1981.

Rehearing Denied Oct. 14, 1981.

Douglas R. Woodburn, Amarillo, for appellant.

Danny E. Hill, Dist. Atty., and Ken Johnson, Asst. Dist. Atty., Amarillo, Robert Huttash, State's Atty., Austin, for the State.

Before ROBERTS, DALLY and TEAGUE, JJ., concur.

OPINION

DALLY, Judge.

This is an appeal from a conviction of the offense of sexual abuse of a child; the punishment, assessed by the court following the appellant's plea of guilty, is imprisonment for six years.

The sole ground of error advanced by the appellant is that the trial court erred in overruling his motion to quash the indictment because he says the statute upon which his prosecution was based is unconstitutional.

The indictment in pertinent part alleges that the appellant on or about April 15, 1980,

"... did then and there knowingly and intentionally with intent to arouse and gratify the sexual desire of said defendant, engage in deviate sexual intercourse with M_____ D_____, a child not his spouse and younger than 17 years, by then and there placing his mouth in contact with the genitals of said child ...."

V.T.C.A. Penal Code, Sec. 21.10, in part provides:

"(a) A person commits an offense if, with intent to arouse or gratify the sexual desire of any person, he engages in deviate sexual intercourse with a child, not his spouse, whether the child is of the same or opposite sex, and the child is younger than 17 years.

"(b) It is a defense to prosecution under this section that the child was of the opposite sex, was at the time of the alleged offense 14 years or older, and had, prior to the alleged offense, engaged promiscuously in sexual intercourse or deviate sexual intercourse."

It is appellant's contention on appeal that the limitation of the promiscuity defense of Sec. 21.10(b) to heterosexual conduct violates the Equal Protection Clause of the Fourteenth Amendment because it discriminates against him on the basis of sexual preference; the appellant and child were engaged in homosexual conduct.

 This Court will not decide constitutional issues on a broader basis than the record requires. *Threlkeld v. State*, 558 S.W.2d 472 (Tex.Cr.App. 1977); *Christ v. State*, 480 S.W.2d 394 (Tex.Cr.App. 1972); *Deeds v. State*, 474 S.W.2d 718 (Tex.Cr.App. 1972). Thus, when challenging the constitutionality of a statute, it is incumbent upon the defendant to show that in its operation the statute is unconstitutional as to him in his situation; that it may be unconstitutional as to others is not sufficient. *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Oil Well Drilling Co. v. Associated Indemnity Corp.*, 153 Tex. 153, 264 S.W.2d 697 (1954); *Threlkeld v. State*, supra; *Ex parte Usener*, 391 S.W.2d 735 (Tex.Cr.App. 1965); *In Re Water Rights of Cibolo Creek Watershed*, 568 S.W.2d 155 (Tex.Civ.App.—San Antonio 1978, no writ).

The uncontroverted evidence in this case shows that the child was thirteen years old at the time the offense was committed. To assert a Sec. 21.10(b) defense, however, it is necessary that the child be fourteen years or older at the time the offense is committed. Even if the appellant had been engaged in heterosexual conduct rather than homosexual conduct, he could not assert a Sec. 21.10(b) defense in this case because of the child's age; therefore, the appellant is without standing to challenge on a sexual preference basis the statute's constitutionality. This ground of error is overruled.

The judgment is affirmed.