**Lanis A. KIRCUS, Appellant,**

v.

**Michael J. LONDON, et al., Appellees.**

**No. 14011.**

Court of Appeals of Texas,
Austin.

Nov. 16, 1983.

Cary D. Jones, Mauro, Sarrett & Wendler, Austin, for appellant.

Timothy J. Herman, Austin, for appellees.

Before PHILLIPS, C.J., and EARL W. SMITH and GAMMAGE, JJ.

PHILLIPS, Chief Justice.

This is an appeal from the grant of a temporary injunction.

Appellant Lanis Kircus filed with the City of Austin Planning Commission an ap-

plication to replat the Westfield "A" Subdivision. He specifically proposed to replat his single lot into five lots.

Appellees, the Londons and Smiths, petitioned the trial court to enjoin the City from acting upon the replat application until the City complied with the notice and hearing procedures prescribed by Tex.Rev. Civ.Stat.Ann. art. 974a, § 5(c) (Supp.1982). Appellant, as intervenor in the trial court, opposed the injunction. The City does not appeal the temporary injunction order.

In two points of error appellant contends that the landowner-consent requirement of art. 974a, § 5 constitutes an unconstitutional delegation of legislative authority and as such is a denial of appellant's due process property-use rights, and that the notice and hearing provisions of art. 974a, § 5 are so vague, overbroad, indefinite and uncertain that they constitute a denial of appellant's due process rights.

We affirm the order granting temporary injunction.

Article 974a, § 5(c)(1) requires [1] that the City Planning Commission give prior notice of replat hearings; it requires notice by publication, as well as personal notice to some or all subdivision landowners.[2] The personal notice to landowners must include a copy of the provision contained in art. 974a, § 5(c)(2); this latter provision details a method by which the landowners may prevent approval of the replat application. It is this latter "consent provision" which appellant asserts is an unconstitutional delegation of legislative authority. If twenty percent (20%) of the relevant landowners oppose the replat application (in writing),

1. Article 974a, § 5 provides, in relevant part, as follows:

       *     *     *     *     *     *

(b) In the event there is not compliance with Subsection (a) of this section, a replat or resubdivision of a plat, or a portion thereof, but without vacation of the immediate previous plat, is hereby expressly authorized to be recorded and shall be deemed valid and controlling, when approved, after a public hearing, by the City Planning Commission or other appropriate governing body, as the case may be, when:

       *     *     *     *     *     *

(2) it has been approved by the City Planning Commission or other appropriate governing body, as the case may be, after a public hearing in relation thereto at which parties in interest and citizens shall have an opportunity to be heard;

       *     *     *     *     *     *

(4) there is compliance, when applicable, with Subsections (c) and (d) of this section.
(c) The following additional requirements for approval shall apply [in certain instances]:
(1) Notice of such City Planning Commission or appropriate governing body hearing shall be given in advance in the following manner:
(A) publication at least 15 days in advance of hearing being published in an official paper or a paper of general circulation in the county in which such governing body is located; and
(B) written notice (with a copy of Subdivision (2) of this subsection attached thereto) of such public hearing forwarded by the City Planning Commission or appropriate governing body to owners (as the ownerships appear on the last approved ad valorem tax roll of such governing body) of all lots in the immediate preceding subdivision plat not less than 15 days prior to the date of such hearing; such notice may be served by depositing the same, properly addressed and postage paid, in a post office or postal depository within the boundaries of such governing body; provided, however, if such immediate preceding subdivision plat shall contain more than 100 lots, such notice shall be mailed only to those owners of lots which are located within 500 feet of the lot or lots which are sought to be replatted or resubdivided.
(2) The City Planning Commission or other appropriate governing body shall require in any resubdivision or replatting to which this subsection applies written approval of 66⅔% percent of:
(A) the owners of all lots in such plat; or
(B) the owners of all lots in such plat within 500 feet of the property sought to be replatted or resubdivided if such immediate preceding plat contains more than 100 lots.
The provisions of Subdivision (2) of this subsection shall, however, apply only if 20 percent, or more, of the owners, to whom notice is required to be given, of the lots in such plat a portion of which is sought to be replatted or resubdivided file with the City Planning Commission or other appropriate governing body written protest of such replatting or resubdivision prior to or at the hearing referred to in the notice of the proposed replatting or resubdivision.

       *     *     *     *     *     *

2. It was stipulated at trial that the City gave neither notice by publication nor actual notice as required by the statute.

then the City Planning Commission may not approve such application unless ⅔ of the relevant landowners give written approval.

■ Appellant assumes, without citing any authority, that the statute's notice and hearing provisions are connected to the consent provision such that this Court cannot consider the validity of the former without addressing the validity of the latter provision. We disagree.

The 1981 act amending art. 974a provides that its provisions are "declared to be severable." 1981 Tex.Gen.Laws, ch. 67, § 5, at 152. Therefore, if the statute's consent provision is unconstitutional, it does not necessarily follow that the notice and hearing provisions must fall.

In passing on the statute's validity, the trial court found only that the notice and hearing provisions of art. 974a are constitutional, and ordered that the City refrain from acting upon the application until it had complied with those provisions. The trial court did not rule on the constitutionality of the consent provision; nor did it order the City to comply therewith.

■ A court may not consider constitutional issues on a broader basis than the record requires. *Parent v. State*, 621 S.W.2d 796 (Tex.Cr.App.1981); *see Woods v. Reilly*, 147 Tex. 586, 218 S.W.2d 437 (1949). Constitutional questions will not be determined if the complainant will feel the effect of the statute only as a possible, rather than as a necessary, result of its operation. 16 C.J.S. Const. Law § 94 (1956).

■ To have standing to challenge the constitutionality of a statute, a party must show that in its operation the statute is unconstitutional as to him in his situation: he must show that it has an adverse impact on his own rights. *Ulster County Court v. Allen*, 442 U.S. 140, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979); *Parent v. State, supra.* It is not enough to show that it may be unconstitutional as to others. *Ulster County Court v. Allen, supra; Parent v. State, supra.*

■ Appellant conceded in oral argument that but-for the alleged connection to the consent provision, and but-for the alleged vagueness, the notice and hearing provisions are not constitutionally defective. We think it reasonable that the legislature would require actual notice to owners of land surrounding a plat prior to replatting, so as to assure informational input, and so as to increase the likelihood that a planning commission will make an informed decision. Appellant cannot be, and is not, heard to complain that too much notice is required by the statute. If this Court were to find the statutory consent provision unconstitutional, it would merely direct that actual notice of the hearing be given to relevant landowners, as required by the statute, and further direct that the portion of the statute relating to the consent provision be omitted from such notice.

■ Appellant is not harmed by the inclusion of the statutory consent provision within such notice. If anyone is harmed by the requirement of such inclusion, it is the City; the City does not appeal.

■ We think that appellant has failed to show that the consent requirement imposes an adverse impact on his own rights: he therefore lacks standing.[3] At

**3.** We note that appellee did not complain at the trial court level as to appellant's lack of standing. Ordinarily, the issue of standing is waived where it is not brought to the trial court's attention. *Texas Industrial Traffic League v. Railroad Commission of Texas,* 633 S.W.2d 821 (Tex.1982). However, it is not waived where "the public interest is directly and adversely affected as that interest is declared in the statutes or Constitution of Texas." *See id.* We think that the public interest is so affected where, as here, a statute is alleged to be unconstitutional.

Even if we err in this conclusion, we think that the issue of ripeness is not waived by failure to bring it to the trial court's attention. If this were not so, parties, through collusion, could force appellate courts to render advisory opinions. Even in declaratory judgment actions, which this is not, the courts may render opinions only if there exists a justiciable controversy between the parties. *State v. Margolis,* 439 S.W.2d 695 (Tex.Civ.App.1969, writ ref'd n.r. e.). The power to render an advisory opinion may not be conferred upon the courts by agree-

best, he has shown that such requirement *might in the future* result in the deprivation of some right. If at least twenty percent (20%) of the relevant landowners do not oppose the replat application before the City Planning Commission, art. 974a, § 5(c)(2) (the consent provision) will have no effect upon appellant's application. The case is therefore not yet ripe for review. Appellant's first point of error is overruled.

In his second point of error appellant contends that the notice and hearing provisions of art. 974a, § 5(c) are unconstitutionally vague, overbroad, indefinite and uncertain; he maintains that as such the statute constitutes a denial of his due process rights. We think that the foregoing discussion regarding standing and ripeness for review applies equally to this point of error. Appellant complains that the City will not be able to determine what persons are due notice, and what persons may block or approve the replat application. This Court will not determine such a question prior to an actual application of the statute; these perceived problems may not arise. Appellant's second point of error is overruled.

Having overruled appellant's points of error, we affirm the trial court's order.

ment of the parties. *Id.* It follows that such a power may not be conferred on the courts by a

party's failure to object.