**Bobby Gene BREEZE, Appellant,**

**v.**

**Phrona Grace BREEZE, Appellee.**

**No. 2–85–196–CV.**

Court of Appeals of Texas,
Fort Worth.

April 24, 1986.

Henderson & Snell and Richard Henderson, Fort Worth, S. Barcus Hunter, Hurst, for appellant.

Staples, Foster & Hampton, and Carter L. Hampton, Hurst, for appellee.

Before BURDOCK, HUGHES (Retired, Sitting by Assignment) and ASHWORTH (Retired, Sitting by Assignment), JJ.

## OPINION

ASHWORTH, Justice (Retired, Sitting by Assignment).

This is an appeal from the trial court's division of property in a divorce action. Phrona Breeze, appellee, filed a petition for divorce against Bobby Breeze, appellant, and asked for a division of the community estate. Appellant filed an answer and cross-action for divorce. There were no children of the marriage under eighteen years of age. Trial was to the court which granted a divorce, divided the property pursuant to TEX.FAM.CODE ANN. sec. 3.63 (Vernon Supp.1986), and made findings of fact and conclusions of law. We hold that the court did not abuse its discretion in dividing the estate.

Judgment affirmed.

At the time of trial appellant was earning a $45,000.00 annual salary as an engineer at General Dynamics and appellee was working for the Fort Worth Star-Telegram for $18,200.00 annually. The trial court awarded each party his/her separate property and specific items of personal property. Both parties agreed to the sale of all community real property, having an appraised value of approximately $200,000.00, and the court awarded appellee 55% and appellant 45% of the net sale proceeds. The court awarded the same percentage division for job benefits.

After the trial court filed findings of fact and conclusions of law, appellant filed a motion for new trial contending that the unequal division of the community estate was an abuse of discretion. The motion for new trial further argued that Texas courts were guilty of an ongoing pattern of discrimination in favor of women in property division cases and that TEX.FAM.CODE ANN. sec. 3.63 (Vernon Supp.1986) unconstitutionally conflicts with the Texas Equal Rights Amendment, TEX. CONST. art. I, sec. 3a. Appellant testified at the hearing on the motion that he had recently retired and had no income, and that he was living on his savings. Two attorneys testified they had each tried over one thousand divorce cases and they believed men were routinely discriminated against because the woman received the greater percentage of community property in 99% of all divorce cases in Tarrant County.

In his first point of error, appellant contends that "the trial court erred in awarding appellee fifty-five percent (55%) of the community estate because the court considered sex as a factor in making that award thus violating the Equal Rights Amendment of the Texas Constitution." Appellant's argument under this point includes his contention that sec. 3.63 of the Family Code is unconstitutional because it gives the trial court the *opportunity* to consider sex as a factor when dividing the marital estate.

The findings of fact filed by the trial judge included the following:

Taking into consideration the disparity in earning power of each party, their respective education, age, physical condition, job skills, job experience, business opportunities, capacities, and abilities, as well as their current employment and their relative need for future support, a just, right, proper and equitable division of the community property would be 55% of all real property and retirement benefits to Petitioner and 45% of all real property and retirement benefits to Respondent.

Appellant filed a request for additional findings of fact, asking the trial judge to include "sex" between "age" and "physical condition" in the paragraph above, but the trial judge denied the request.

Appellant's first point of error maintains that the trial court incorrectly considered sex as a factor in the property division. The findings of fact belie this contention, however, and appellant presented absolutely no *direct* evidence of sexual discrimination. The only such evidence presented was the testimony of two attorneys who stated that they felt the Tarrant County courts discriminated on the basis of sex. Appellant also relies on this testimony to support his argument that sec. 3.63 violates the Texas Equal Rights Amendment by giving the trial judge the opportunity to consider sex as a factor for dividing the marital estate.

■ When challenging the constitutionality of a statute, it is incumbent upon the complainant to show that in its operation the statute is unconstitutional as to him and his situation. *Parent v. State*, 621 S.W.2d 796, 797 (Tex.Crim.App.1981). It is not sufficient merely to show that the statute might be unconstitutional as to others. *Id.; Scott v. State*, 668 S.W.2d 901, 902 (Tex.App.—Fort Worth 1984, pet. ref'd). Appellant has failed to demonstrate that *he* was discriminated against because of his sex. Rather, the findings of fact reveal that the trial court considered the proper factors when partitioning the estate. *See*

*Murff v. Murff*, 615 S.W.2d 696, 698–99 (Tex.1981). We hold that the trial court did not impermissibly consider sex as a factor in its division of the community estate, and that appellant lacks standing to challenge the constitutionality of sec. 3.63. Appellant's first point of error is overruled.

■ In his second point of error, appellant contends that the trial court erred in awarding appellee 55% of the community estate because appellee failed to show by clear and convincing evidence that she was entitled to an unequal division. Appellant argues that the discretion vested in the trial court by sec. 3.63 of the Family Code should be tempered by a judicially-created presumption, rebuttable by clear and convincing evidence, that both parties are entitled to a 50% share of the community estate. Appellant contends that such a presumption is mandated by the Texas Equal Rights Amendment.

The Texas Supreme Court has indicated that the proper factors which the trial court may consider in making a division of community property include the spouse's capacities and abilities, benefits which the party not at fault would have derived from the continuation of the marriage, business opportunities, education, relative financial condition and obligation, disparity of ages, size of separate estates, and the nature of the property. *Murff*, 615 S.W.2d at 699. These primarily economic factors are considered on a preponderance of the evidence basis, and a preponderance of the evidence inquiry necessarily begins with both parties on equal footing. The presumption of equality is thus already inherent in the Texas statutory scheme. Whether a "clear and convincing" standard needs to be implemented is a question for the legislature, not for this court. We overrule appellant's second point of error.

■ In his third point of error, appellant contends that the award of 55% of the community property to appellee was part of a continuing judicial pattern of sexual discrimination against men made possible by Texas Family Code sec. 3.63, and there-

fore a denial of equal protection to appellant under the Fifth and Fourteenth Amendments of the United States Constitution.

As previously noted, appellant offered no proof that *this* trial court in *this* case discriminated against him because he was male. We therefore hold that appellant lacks standing to raise an equal protection claim, and overrule his point of error three.

■ Appellant's fourth point of error argues that the trial court erred in overruling his motion for new trial because he presented newly discovered evidence that he had retired since the time of trial. Appellant has argued this point only summarily in his brief and has cited no supporting authority. He has therefore failed to meet the minimum briefing rules with regard to this point and we consider it waived. *Neely v. Jacobs*, 673 S.W.2d 705, 709 (Tex.App.—Fort Worth 1984, no writ); TEX.R. CIV.P. 414.

■ In his fifth and final point of error, appellant contends that the trial court erred in dividing the community estate because there is no evidence or insufficient evidence that appellee was entitled to an unequal division of the marital property. Appellee again fails to favor us with a citation to authority. His only argument in support of this point of error consists of a recitation of *some* of the pertinent facts. Such statements unaccompanied by legal authority present nothing for appellate review. Appellant's fifth point of error is overruled.

■ Appellee has presented a cross point of error contending this appeal has been prosecuted for harrassment only and that appellee is entitled to recover $3,000.00 in reasonable and necessary attorney's fees as damages. We hold there was sufficient cause for appellant to prosecute his appeal and it was not done only for delay. Appellee's cross point is overruled.

Judgment affirmed.