# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00332-CV

**Sidney Williams, Appellant**

**v.**

**Kristopher A. Keck, M.D., and Capitol Anesthesiology
Association, P.A., Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
## NO. GN402978, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Williams filed suit against Kristopher Keck, M.D., and Capitol Anesthesiology Association, P.A. ("Capitol") alleging that Dr. Keck negligently administered anesthesia during his surgery, which caused him to regain consciousness during the procedure. The suit was filed on September 8, 2004. Under the terms of the civil practice and remedies code, claimants filing a medical malpractice action must serve an expert report to each party in the case within 120 days after filing suit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2005 & Supp. 2005). If the report is not filed within the deadline, the court must dismiss the case with prejudice if the affected party files a motion to dismiss. *Id.* § 74.351(b).

Williams served a report after the statutory deadline, and Keck and Capitol filed a motion to dismiss. *See id.* § 74.351(b). The district court granted the motion, and Williams appeals the judgment of the district court.

**DISCUSSION**

In one issue, Williams alleges section 74.351 of the civil practice and remedies code violates the open courts doctrine because it unreasonably interferes with a claimant's right of access to court. *See* Tex. Const. art. I, § 13.[1] Section 74.351 became effective in 2003 and amended the Medical Liability and Insurance Improvement Act. Act of June 2, 2003, 78th Leg., R.S., ch. 204, § 10.01, sec. 74.351, 2003 Tex. Gen. Laws 847, 875 (codified at Tex. Civ. Prac. & Rem. Code Ann. § 74.351). The Medical Liability and Insurance Improvement Act (hereinafter "article 4590i") was enacted in response to what the legislature called "a medical malpractice insurance crisis in the State of Texas." *See* Medical Liability and Insurance Improvement Act, 65th Leg., R.S., ch. 817, § 1.02(a)(5), 1977 Tex. Gen. Laws 2039, 2040. In 1993, the legislature amended article 4590i and added section 13.01, which imposed additional requirements for litigants filing a medical malpractice claim including the requirement that a litigant file an expert report within 180 days of filing suit. *See* Act of May 25, 1993, 73d Leg., R.S., ch. 625, § 3, 1993 Tex. Gen. Laws 2347-49

---

[1] Section 13 of article I of the Texas Constitution provides, in relevant part, as follows:

> Excessive bail shall not be required, nor excessive fines imposed, nor cruel or unusual punishment inflicted. All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law.

Tex. Const. art. I, § 13.

2

(hereinafter "section 13.01"). The report had to provide a fair summary of the expert's opinions regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed. *Id.* § 13.01(r)(6). One of the purposes of enacting section 13.01 was to keep the cost of medical insurance premiums and health care costs down by reducing the number of frivolous medical malpractice claims that were filed. *See McGlothlin v. Cullington*, 989 S.W.2d 449, 451-52 (Tex. App.—Austin 1999, pet. denied).

Under section 13.01, both a 90-day bond-filing deadline and a 180-day expert-report deadline were specified, although either of these deadlines could be extended by agreement of the parties. Section 13.01(a), (d), (h). Under the bond provision, a claimant was required to perform one of the following acts within 90 days of filing suit for each physician named in the action: (1) post a bond; (2) place money in an escrow account; or (3) serve an expert report upon all parties to the lawsuit. Section 13.01(a). If one of the requirements was not met, the court would issue an order, upon motion by the affected party, dismissing the case for want of prosecution unless the litigant posted a bond. Section 13.01(b), (c).

In addition to the 90-day deadline, there was also a 180-day expert-report filing deadline. If the claimant had not already served expert reports to each party, he was required to submit the reports within 180 days of filing suit. Section 13.01(d). If a report was not filed, upon a motion filed by the affected party, the court would issue an order dismissing the cause of action. Section 13.01(e). However, the court had the discretion to extend the expert report deadline for an additional 30 days if good cause for the untimely filing was shown or if the court determined the failure to file was not intentional or the result of conscious indifference. Section 13.01(f), (g).

3

Section 74.351 altered the requirements listed under section 13. The deadline for filing an expert report was reduced from 180 days to 120 days, the option of filing a bond was removed, and the courts' ability to extend the time period for filing an expert report was removed. *See* Tex. Civ. Prac. & Rem. Code Ann. § 74.351. To obtain an extension under the current statute, the litigant must obtain the written consent of the affected party. *Id.* § 74.351(a).[2] If an expert report is not filed within the 120-day deadline, the court, upon motion by the affected party, must enter an order dismissing the claim with prejudice. *Id.* § 74.351(b).[3] If an expert report is filed within the

---

[2] Section 74.351(a) provides as follows:

(a) In a health care liability claim, a claimant shall, not later than the 120th day after the date the original petition was filed, serve on each party or the party's attorney one or more expert reports, with a curriculum vitae of each expert listed in the report for each physician or health care provider against whom a liability claim is asserted. The date for serving the report may be extended by written agreement of the affected parties. Each defendant physician or health care provider whose conduct is implicated in a report must file and serve any objection to the sufficiency of the report not later than the 21st day after the date it was served, failing which all objections are waived.

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005 & Supp. 2005).

[3] Section 74.315(b) provides as follows:

(b) If, as to a defendant physician or health care provider, an expert report has not been served within the period specified by Subsection (a), the court, on the motion of the affected physician or health care provider, shall, subject to Subsection (c), enter an order that:

(1) awards to the affected physician or health care provider reasonable attorney's fees and costs of court incurred by the physician or health care provider; and

(2) dismisses the claim with respect to the physician or health care provider, with prejudice to the refiling of the claim.

4

120-day deadline but is found to be deficient, courts have the discretion to grant a 30-day extension to cure the deficiency. *Id.* § 74.351(c).

Williams contends that section 74.351 is arbitrary and unreasonable because it only allows an extension of time if the affected party consents and because it removed the provision allowing courts to extend the time for filing an expert report. Williams insists that, by removing the courts' ability to grant an extension, the statute goes beyond the stated purpose of avoiding frivolous claims because non-frivolous as well as frivolous claims will be excluded for failing to meet the 120-day deadline. Further, Williams asserts that opposing counsel would never agree to an extension because it would violate their duties to pursue the best interest of their clients and to achieve their clients' objective in as quick and economical a manner as possible. *See* Tex. R. Disciplinary R. Prof'l Conduct 3.02(a), *reprinted in* Tex. Gov't Code Ann., tit. 2 subtit. G app. A (West 1998) (Tex. State Bar R. art. X, § 9); Texas Lawyer's Creed II(2)—A Mandate for Professionalism (adopted by the Supreme Court of Texas and the Court of Criminal Appeals of Texas, Nov. 7, 1989), reprinted in Texas Rules of Court 669, 670 (West 2005).

When reviewing the constitutionality of a statute, we presume the statute is constitutional. Tex. Gov't Code Ann. § 311.021 (West 2005); *Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996). The wisdom of a law is for the legislature, not the courts, to determine. *Enron*, 922 S.W.2d at 934. We presume the legislature has not acted unreasonably or arbitrarily. *Sax v. Votteler*, 648 S.W.2d 661, 664 (Tex. 1983). The party challenging a statute's

---

Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005 & Supp. 2005).

constitutionality has the burden of proving that the statute fails to meet the alleged constitutional requirements. *Enron*, 922 S.W.2d at 934. To challenge the constitutionality of a statute, a party must show that "in its operation the statute is unconstitutional as to him in his situation." *Kircus v. London*, 660 S.W.2d 869, 872 (Tex. App.—Austin 1983, no writ) (citing *Ulster*, 442 U.S. 140 (1979)); *Parent v. State*, 621 S.W.2d 796 (Tex. Crim. App. 1981)). It is not enough to show that it may be unconstitutional as to others. *Kircus*, 660 S.W.2d at 872 (citing *Ulster*, 442 U.S. 140; *Parent*, 621 S.W.2d 796).

The open courts provision guarantees litigants the right to "redress their grievances." *LeCroy v. Hanlon*, 713 S.W.2d 335, 341 (Tex. 1986). The open courts provision protects a person from having his or her right to sue cut off by a legislative act before the individual has been afforded a reasonable opportunity to discover the wrong and bring suit. *Shah v. Moss*, 67 S.W.3d 836, 842 (Tex. 2001). The right to bring a common law cause of action cannot be effectively abrogated without a showing that the legislative basis outweighs the denial of the right to redress. *McGlothlin*, 989 S.W.2d at 452. To prove that the statute violates the open courts provision, the claimant must show that: (1) a cognizable common law cause of action is being restricted, and (2) the restriction is unreasonable or arbitrary when balanced with the statute's purpose and basis. *Sax*, 648 S.W.2d at 666; *see also Shah*, 67 S.W.3d at 842.

However, we need not analyze the constitutionality of section 74.351 because Williams has not satisfied his burden of showing that the expert-report requirements actually prevented him from pursuing his claims. *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 737 (Tex. App.—San Antonio 1999, no pet.) (lawyer did not file expert report under section 13 in

6

attempt to keep costs down; court stated no need to address constitutional claim because lawyer did not allege financially incapable of meeting requirements but only that chose not to comply); *McGlothlin*, 989 S.W.2d at 453.  On appeal, Williams did not attempt to explain his failure to comply with section 74.351.[4]  The only explanation for the failure to serve the report appears in a fax from Williams's attorney sent to opposing counsel on the day the expert report was due stating that a doctor "was supposed to have the report to [him] by last Friday and called to tell me he was sick all weekend and had not finished the report" and requesting that opposing counsel agree to extend the deadline.  However, Williams provided no evidence to substantiate this claim or to verify that Williams had attempted to comply with the requirements of the statute but was unable to comply due to his expert's unexpected illness.  Accordingly, Williams has not shown that section 74.351 is unconstitutional as applied to him.  *See Schorp*, 5 S.W.3d at 737; *McGlothlin,* 989 S.W.2d at 453; *see also Robinson v. Texas Dep't of Mental Health & Mental Retardation*, No. 01-01-00685-CV, 2002 Tex. App. LEXIS 3451, at *4-5 (Houston [1st Dist.] May 18, 2002, no pet.) (not designated for publication).  We therefore overrule Williams's issue on appeal.

---

[4]  During oral argument, Williams claimed that section 74.351 prohibits a court from considering justifications for missing the 120-day deadline.  Whether or not the statute forbids the consideration of justifications for the purpose of determining if a report should be admitted, Williams, in making an open-courts challenge to the constitutionality of the statute, was required to prove how the requirements of the statute prevented him from pursuing his claim.  *See Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 737 (Tex. App.—San Antonio 1999, no pet.).

**CONCLUSION**

Because we have overruled Williams's issue on appeal, we affirm the judgment of the district court.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   December 21, 2005