TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-05-00332-CV






Sidney Williams, Appellant



v.



Kristopher A. Keck, M.D., and Capitol Anesthesiology

Association, P.A., Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. GN402978, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 Williams filed suit against Kristopher Keck, M.D., and Capitol Anesthesiology
Association, P.A. ("Capitol") alleging that Dr. Keck negligently administered anesthesia during his
surgery, which caused him to regain consciousness during the procedure. The suit was filed on
September 8, 2004. Under the terms of the civil practice and remedies code, claimants filing a
medical malpractice action must serve an expert report to each party in the case within 120 days after
filing suit. See Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West 2005 & Supp. 2005). If the
report is not filed within the deadline, the court must dismiss the case with prejudice if the affected
party files a motion to dismiss. Id. § 74.351(b).

 Williams served a report after the statutory deadline, and Keck and Capitol filed a
motion to dismiss. See id. § 74.351(b). The district court granted the motion, and Williams appeals
the judgment of the district court. 


DISCUSSION

 In one issue, Williams alleges section 74.351 of the civil practice and remedies code
violates the open courts doctrine because it unreasonably interferes with a claimant's right of access
to court. See Tex. Const. art. I, § 13. (1) Section 74.351 became effective in 2003 and amended the
Medical Liability and Insurance Improvement Act. Act of June 2, 2003, 78th Leg., R.S., ch. 204,
§ 10.01, sec. 74.351, 2003 Tex. Gen. Laws 847, 875 (codified at Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351). The Medical Liability and Insurance Improvement Act (hereinafter "article 4590i") was
enacted in response to what the legislature called "a medical malpractice insurance crisis in the State
of Texas." See Medical Liability and Insurance Improvement Act, 65th Leg., R.S., ch. 817,
§ 1.02(a)(5), 1977 Tex. Gen. Laws 2039, 2040. In 1993, the legislature amended article 4590i and
added section 13.01, which imposed additional requirements for litigants filing a medical
malpractice claim including the requirement that a litigant file an expert report within 180 days of
filing suit. See Act of May 25, 1993, 73d Leg., R.S., ch. 625, § 3, 1993 Tex. Gen. Laws 2347-49
(hereinafter "section 13.01"). The report had to provide a fair summary of the expert's opinions
regarding applicable standards of care, the manner in which the care rendered by the physician or
health care provider failed to meet the standards, and the causal relationship between that failure and
the injury, harm, or damages claimed. Id. § 13.01(r)(6). One of the purposes of enacting section
13.01 was to keep the cost of medical insurance premiums and health care costs down by reducing
the number of frivolous medical malpractice claims that were filed. See McGlothlin v. Cullington,
989 S.W.2d 449, 451-52 (Tex. App.--Austin 1999, pet. denied). 

 Under section 13.01, both a 90-day bond-filing deadline and a 180-day expert-report
deadline were specified, although either of these deadlines could be extended by agreement of the
parties. Section 13.01(a), (d), (h). Under the bond provision, a claimant was required to perform
one of the following acts within 90 days of filing suit for each physician named in the action: (1) post
a bond; (2) place money in an escrow account; or (3) serve an expert report upon all parties to the
lawsuit. Section 13.01(a). If one of the requirements was not met, the court would issue an order,
upon motion by the affected party, dismissing the case for want of prosecution unless the litigant
posted a bond. Section 13.01(b), (c). 

 In addition to the 90-day deadline, there was also a 180-day expert-report filing
deadline. If the claimant had not already served expert reports to each party, he was required to
submit the reports within 180 days of filing suit. Section 13.01(d). If a report was not filed, upon
a motion filed by the affected party, the court would issue an order dismissing the cause of action. 
Section 13.01(e). However, the court had the discretion to extend the expert report deadline for an
additional 30 days if good cause for the untimely filing was shown or if the court determined the
failure to file was not intentional or the result of conscious indifference. Section 13.01(f), (g). 

 Section 74.351 altered the requirements listed under section 13. The deadline for
filing an expert report was reduced from 180 days to 120 days, the option of filing a bond was
removed, and the courts' ability to extend the time period for filing an expert report was removed. 
See Tex. Civ. Prac. & Rem. Code Ann. § 74.351. To obtain an extension under the current statute,
the litigant must obtain the written consent of the affected party. Id. § 74.351(a). (2) If an expert report
is not filed within the 120-day deadline, the court, upon motion by the affected party, must enter an
order dismissing the claim with prejudice. Id. § 74.351(b). (3)
 If an expert report is filed within the
120-day deadline but is found to be deficient, courts have the discretion to grant a 30-day extension
to cure the deficiency. Id. § 74.351(c). 

 Williams contends that section 74.351 is arbitrary and unreasonable because it only
allows an extension of time if the affected party consents and because it removed the provision
allowing courts to extend the time for filing an expert report. Williams insists that, by removing the
courts' ability to grant an extension, the statute goes beyond the stated purpose of avoiding frivolous
claims because non-frivolous as well as frivolous claims will be excluded for failing to meet the 120-
day deadline. Further, Williams asserts that opposing counsel would never agree to an extension
because it would violate their duties to pursue the best interest of their clients and to achieve their
clients' objective in as quick and economical a manner as possible. See Tex. R. Disciplinary R.
Prof'l Conduct 3.02(a), reprinted in Tex. Gov't Code Ann., tit. 2 subtit. G app. A (West 1998) (Tex.
State Bar R. art. X, § 9); Texas Lawyer's Creed II(2)--A Mandate for Professionalism (adopted by
the Supreme Court of Texas and the Court of Criminal Appeals of Texas, Nov. 7, 1989), reprinted
in Texas Rules of Court 669, 670 (West 2005). 

 When reviewing the constitutionality of a statute, we presume the statute is
constitutional. Tex. Gov't Code Ann. § 311.021 (West 2005); Enron Corp. v. Spring Indep. Sch.
Dist., 922 S.W.2d 931, 934 (Tex. 1996). The wisdom of a law is for the legislature, not the courts,
to determine. Enron, 922 S.W.2d at 934. We presume the legislature has not acted unreasonably
or arbitrarily. Sax v. Votteler, 648 S.W.2d 661, 664 (Tex. 1983). The party challenging a statute's
constitutionality has the burden of proving that the statute fails to meet the alleged constitutional
requirements. Enron, 922 S.W.2d at 934. To challenge the constitutionality of a statute, a party
must show that "in its operation the statute is unconstitutional as to him in his situation." Kircus v.
London, 660 S.W.2d 869, 872 (Tex. App.--Austin 1983, no writ) (citing Ulster, 442 U.S. 140
(1979)); Parent v. State, 621 S.W.2d 796 (Tex. Crim. App. 1981)). It is not enough to show that it
may be unconstitutional as to others. Kircus, 660 S.W.2d at 872 (citing Ulster, 442 U.S. 140;
Parent, 621 S.W.2d 796).

 The open courts provision guarantees litigants the right to "redress their grievances." 
LeCroy v. Hanlon, 713 S.W.2d 335, 341 (Tex. 1986). The open courts provision protects a person
from having his or her right to sue cut off by a legislative act before the individual has been afforded
a reasonable opportunity to discover the wrong and bring suit. Shah v. Moss, 67 S.W.3d 836, 842
(Tex. 2001). The right to bring a common law cause of action cannot be effectively abrogated
without a showing that the legislative basis outweighs the denial of the right to redress. McGlothlin,
989 S.W.2d at 452. To prove that the statute violates the open courts provision, the claimant must
show that: (1) a cognizable common law cause of action is being restricted, and (2) the restriction
is unreasonable or arbitrary when balanced with the statute's purpose and basis. Sax, 648 S.W.2d
at 666; see also Shah, 67 S.W.3d at 842. 

 However, we need not analyze the constitutionality of section 74.351 because
Williams has not satisfied his burden of showing that the expert-report requirements actually
prevented him from pursuing his claims. See Schorp v. Baptist Mem'l Health Sys., 5 S.W.3d 727,
737 (Tex. App.--San Antonio 1999, no pet.) (lawyer did not file expert report under section 13 in
attempt to keep costs down; court stated no need to address constitutional claim because lawyer did
not allege financially incapable of meeting requirements but only that chose not to comply);
McGlothlin, 989 S.W.2d at 453. On appeal, Williams did not attempt to explain his failure to
comply with section 74.351. (4) The only explanation for the failure to serve the report appears in a
fax from Williams's attorney sent to opposing counsel on the day the expert report was due stating
that a doctor "was supposed to have the report to [him] by last Friday and called to tell me he was
sick all weekend and had not finished the report" and requesting that opposing counsel agree to
extend the deadline. However, Williams provided no evidence to substantiate this claim or to verify
that Williams had attempted to comply with the requirements of the statute but was unable to comply
due to his expert's unexpected illness. Accordingly, Williams has not shown that section 74.351 is
unconstitutional as applied to him. See Schorp, 5 S.W.3d at 737; McGlothlin, 989 S.W.2d at 453;
see also Robinson v. Texas Dep't of Mental Health & Mental Retardation, No. 01-01-00685-CV,
2002 Tex. App. LEXIS 3451, at *4-5 (Houston [1st Dist.] May 18, 2002, no pet.) (not designated
for publication). We therefore overrule Williams's issue on appeal.


CONCLUSION

 Because we have overruled Williams's issue on appeal, we affirm the judgment of
the district court.



 

 David Puryear, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: December 21, 2005
1. Section 13 of article I of the Texas Constitution provides, in relevant part, as follows:


Excessive bail shall not be required, nor excessive fines imposed, nor cruel or
unusual punishment inflicted. All courts shall be open, and every person for an
injury done him, in his lands, goods, person or reputation, shall have remedy by
due course of law.


Tex. Const. art. I, § 13.
2. Section 74.351(a) provides as follows:


(a) In a health care liability claim, a claimant shall, not later than the 120th day
after the date the original petition was filed, serve on each party or the
party's attorney one or more expert reports, with a curriculum vitae of each
expert listed in the report for each physician or health care provider against
whom a liability claim is asserted. The date for serving the report may be
extended by written agreement of the affected parties. Each defendant
physician or health care provider whose conduct is implicated in a report
must file and serve any objection to the sufficiency of the report not later
than the 21st day after the date it was served, failing which all objections are
waived.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005 & Supp. 2005).
3. Section 74.315(b) provides as follows:


(b) If, as to a defendant physician or health care provider, an expert report has
not been served within the period specified by Subsection (a), the court, on
the motion of the affected physician or health care provider, shall, subject
to Subsection (c), enter an order that:


(1) awards to the affected physician or health care provider reasonable
attorney's fees and costs of court incurred by the physician or
health care provider; and


(2) dismisses the claim with respect to the physician or health care
provider, with prejudice to the refiling of the claim.


Tex. Civ. Prac. & Rem. Code Ann. § 74.351(a) (West 2005 & Supp. 2005).

4. During oral argument, Williams claimed that section 74.351 prohibits a court from
considering justifications for missing the 120-day deadline. Whether or not the statute forbids the
consideration of justifications for the purpose of determining if a report should be admitted,
Williams, in making an open-courts challenge to the constitutionality of the statute, was required to
prove how the requirements of the statute prevented him from pursuing his claim. See Schorp v.
Baptist Mem'l Health Sys., 5 S.W.3d 727, 737 (Tex. App.--San Antonio 1999, no pet.).