Pamela ODAK, Appellant,

v.

**ARLINGTON MEMORIAL HOSPITAL FOUNDATION d/b/a Arlington Memorial Hospital, Appellee.**

No. 2–96–067–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 14, 1996.

Rehearing Overruled Dec. 19, 1996.

Larry R. Wright, Plano, for Appellant.

Richard L. Griffith, Evelyn R. Leopold, Jordan M. Parker, Cantey & Hanger, Fort Worth, for Appellee.

Before DAY, DAUPHINOT and RICHARDS, JJ.

## OPINION

DAY, Justice.

We withdraw our opinion and judgment of November 7, 1996 and substitute the opinion and judgment issued this day.

Pamela Odak, appellant, appeals an order dismissing her health care liability claim. The trial court dismissed her claim for failure to comply with the certification or bonding requirement of the Medical Liability and Insurance Improvement Act. Act of May 25, 1993, 73rd Leg., R.S., ch. 625, § 3, 1993 Tex. Gen. Laws 2347, 2347 (amended 1995) (current version at TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Pamph.1996)). Neither Odak nor her attorney filed a $2000 cost bond, or an affidavit certifying that an expert's report had been obtained, within ninety days of filing suit. After giving Odak proper notice and ample opportunity to correct this omission, the trial court dismissed her claim.

Odak challenges this provision on three grounds. First, she contends that the provision violates the Open Courts and Due Process provisions of the Texas Constitution because it interferes unreasonably or arbitrarily with her right of access to the courts. TEX. CONST. art. I, §§ 13, 19. Next, she argues that this requirement does not apply to her claim which she claims falls under the theory of res ipsa loquitur. Finally, Odak asserts that the provision violates the Open Courts provision because it imposes a duty on her attorney that con-

flicts with the Disciplinary Rules of Professional Conduct and thus requires him to perform an unethical task. TEX. CONST. art. I, § 13; TEX. DISCIPLINARY R. PROF. CONDUCT 1.08(h) (1991), *reprinted in* TEX. GOV'T CODE ANN. tit. 2, subtit. G app. (Vernon Supp.1996) (STATE BAR RULES art. X, § 9). We affirm the trial court's order of dismissal.

Odak originally filed suit individually and as next friend for her daughter in March 1994. The court dismissed that cause without prejudice for failure to comply with this same statutory requirement. She refiled the suit individually in May 1995. The trial court signed a notice of intent to dismiss for failure to comply with this requirement one week after the expiration of the 90–day period. Over three weeks passed with no response. The trial court signed an amended notice of intent to dismiss giving Odak 30 days to respond by filing either an affidavit or a cost bond for the increased amount of $4,000. She was instructed in this notice that failure to do so would result in dismissal. Over 50 days passed with no response. Appellee Arlington Memorial Hospital filed a motion to dismiss for failure to post either the bond or the affidavit required, and the trial court dismissed her claim with prejudice. Odak then responded with a motion for new trial raising her constitutional claims, but she never claimed that the requirement was onerous due to cost or offered any reason for ignoring the court's repeated requests for her response.

## CONFLICT WITH DISCIPLINARY RULES

■ We first find there is no conflict with the requirement of a cost bond or certification under the applicable version of article 4590i and Rule 1.08(h) of the Disciplinary Rules of Professional Conduct. Rule 1.08(h) states:

(h) A lawyer shall not acquire a proprietary interest in the cause of action or subject matter of litigation the lawyer is conducting for a client, except that the lawyer may:

(1) acquire a lien granted by law to secure the lawyer's fee or expenses; and

(2) contract in a civil case with a client for a contingent fee that is permissible under Rule 1.04.

TEX. DISCIPLINARY R. PROF. CONDUCT 1.08(h) (1991).

The applicable version of section 13.01 of article 4590i states:

(a) In a health care liability claim, the plaintiff's attorney or, if the plaintiff is not represented by an attorney, the plaintiff shall, within 90 days after the date the action was commenced, file an affidavit attesting that the attorney or plaintiff has obtained a written opinion from an expert who has knowledge of accepted standards of care for the diagnosis, care, or treatment of the illness, injury, or condition involved in the claim, that the acts or omissions of the physician or health care provider were negligent and a proximate cause of the injury, harm, or damages claimed.

(b) A plaintiff or plaintiff's attorney shall be deemed to be in compliance with Subsection (a) of this section if, within 90 days after the date the action was commenced, the plaintiff posts a bond with surety or any other equivalent security approved by the court, including cash in an escrow account, for costs in an amount of $2,000.

Act of May 25, 1993, 73rd Leg., R.S., ch. 625, § 3, 1993 Tex. Gen. Laws 2347, 2347 (amended 1995) (current version at TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Pamph.1996)). Thus, the statute placed the onus of compliance on the plaintiff's attorney. The 1995 amendment eliminated this by more appropriately placing the burden on the claimant. *See* TEX.REV.CIV. STAT. ANN. art. 4590i, § 13.01 (Vernon Pamph.1996). Regardless, we do not find that the applicable version creates an unacceptable conflict with the disciplinary rules when considered in light of Rule 1.08(d), which provides:

(d) A lawyer shall not provide financial assistance to a client in connection with pending or contemplated litigation or administrative proceedings, except that:

(1) a lawyer may advance or guarantee court costs, expenses of litigation or administrative proceedings, and reason-

ably necessary medical and living expenses, the repayment of which may be contingent on the outcome of the matter; and

(2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.

TEX. DISCIPLINARY R. PROF. CONDUCT 1.08(h) (1991). Thus, the rules expressly permit an attorney to provide a client with assistance such as posting a cost bond or obtaining an expert opinion on a claim's validity and preparing and filing an affidavit. Accordingly, the statute does not violate the Open Courts provision of the Texas Constitution by imposing a duty on her attorney that he cannot comply with without breaching the disciplinary rules. We overrule Odak's third point of error.

### RIGHT OF ACCESS TO THE COURTS

Odak also argues that this statutory requirement places an unreasonable barrier to her court access and violates the Open Courts and Due Process guarantees of the Texas Constitution. TEX. CONST. art. I, §§ 13, 19.

■ These are the two "due process" provisions in the Texas Constitution. The Open Courts guarantee is set forth in Article I, Section 13: "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." TEX. CONST. art. I, § 13. The Due Course of Law provision states, "No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land." TEX. CONST. art. I, § 19. The Due Course of Law clause provides general guarantees of due process and is regarded as the traditional due process guarantee. LeCroy v. Hanlon, 713 S.W.2d 335, 340, 340 n. 7 (Tex.1986); Sax v. Votteler, 648 S.W.2d 661, 664 (Tex.1983). The Open Courts provision provides a specific guarantee of right of access to the courts. LeCroy, 713 S.W.2d at 340–41; Nelson v. Krusen, 678 S.W.2d 918, 921 (Tex.1984). Odak argues specifically that the statute violates a both guarantees by

creating a barrier between her and open access to Texas courts.

■ The Open Courts clause "guarantees all litigants the right to redress their grievances ... the right to their day in court." LeCroy, 713 S.W.2d at 341. We must consider two criteria to sustain an Open Courts challenge:

1) whether the claimant has a cognizable common-law cause of action that the statute restricts; and

2) whether that statutory restriction is unreasonable or arbitrary when balanced against the statute's purpose and basis.

Sax, 648 S.W.2d at 666; see also Lucas v. United States, 757 S.W.2d 687, 690 (Tex. 1988); LeCroy, 713 S.W.2d at 341. In the present case the litigants agree that Odak's health care liability claim is a cognizable common-law cause of action. Consequently, we need only consider whether the certification or cost bond requirement of this version of article 4590i places unreasonable or arbitrary restrictions on access to the courts when balanced against the purpose and basis of that statute.

We necessarily begin with the presumption that the statute is valid.

In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours.

Smith v. Davis, 426 S.W.2d 827, 831 (Tex. 1968). The Legislature sets forth at length its purpose for enacting the statute in section 1.02 of the Medical Liability and Insurance Improvement Act. TEX.REV.CIV. STAT. ANN. art. 4590i, § 1.02 (Vernon Pamph.1996). It passed the act in response to what it considered a medical malpractice insurance crisis in Texas. The Legislature puts forth as the main purposes of the statute control of the medical malpractice insurance crisis and assuring the availability of affordable medical and health care. Id.

Next, we must determine how substantially this requirement interferes with a litigant's access to the courts. Under this statute, a litigant may choose whether to file the cost bond to assure costs or to file an affidavit certifying that an expert's opinion has been obtained that a physician or health care provider has been negligent. It is not unreasonable to require plaintiffs to either show they have a viable claim or post a bond to cover costs. Further, a cost bond set at $2,000, or even $4,000, appears reasonably related to potential costs. Were the bond set at an arbitrary, unreasonably high amount, our analysis might be different.

When the Texas Supreme Court struck down the damages caps in article 4590i, its first concern was the Legislature's failure to provide an alternative for the plaintiff to obtain redress. *Lucas*, 757 S.W.2d at 690. Here, Odak had a choice. She could have either posted a cost bond or provided an affidavit. Had she done either, she could have sought redress for her alleged damages. The cost bond or certification requirement does not preclude adequate recovery. To recover, a plaintiff must simply follow one procedure or the other. Neither is particularly onerous. An injured party or her attorney who is financially unable to post a cost bond is left with the option of filing an affidavit. If the expense of obtaining an expert report is too prohibitive for both the claimant and the attorney, they will be unable to pursue a claim requiring expert testimony regardless of whether they file the affidavit. Odak and her attorney never complained to the trial court that the cost of obtaining the affidavit or posting the cost bond was too prohibitive. In fact, they offered no reason to the trial court for not responding to this requirement.

Odak relies in large part on the holdings in *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440 (Tex.1993) and *R. Communications, Inc. v. Sharp*, 875 S.W.2d 314 (Tex.1994). In *Texas Ass'n of Business*, the statutes in question totally foreclosed judicial review. Statutes enabled two administrative agencies to assess civil penalties for violations of their regulations. *Id.* at 442–43. Judicial review was precluded unless the of-

fender paid a cash deposit or posted a supersedeas bond for the full amount of the penalty. *Id.* at 443. Thus, the requirement that the penalties be paid as a condition to judicial review was held violative of the Open Courts provision. *Texas Ass'n of Business*, 852 S.W.2d at 450 n. 17.

Similarly, in *Sharp* judicial review was foreclosed. In *Sharp*, a plaintiff sued for relief from an auditor's assessment of a sales tax deficiency. The tax court dismissed the case because the taxpayer did not first pay the tax it was challenging or post a statutorily required bond equal to twice the tax obligation. Either option was a significant monetary hurdle, and the plaintiff was essentially precluded from obtaining judicial review of its tax liability. The State asserted only a generalized fear of financial collapse as the basis for the prepayment requirement. Thus, the tax code provision in question placed a significant barrier before the courthouse door with little benefit for the State. Accordingly, the court held it violative of the Open Courts provision. *Sharp*, 875 S.W.2d at 318.

In the present case, Odak had only a small hurdle to clear, and the statutory provision had a significant and well-documented purpose and basis. This statute does not abolish her claim as the statutes did in *Sax*, 648 S.W.2d at 667, and *Weiner v. Wasson*, 900 S.W.2d 316, 318 (Tex.1995), where minors were required to bring suit within a limitations period or lose their right to sue. Neither does the statute raise an insurmountable financial barrier as in *Sharp* and *Texas Ass'n of Business*. Filing an affidavit that demonstrates what a claimant must provide to recover anyway does not create an unreasonable financial barrier to the courts. Furthermore, Odak never posted a cost bond, obtained the affidavit, or even complained of her inability to do so.

Consequently, we hold that the cost bond or certification requirement of article 4590i does not violate the Open Courts provision or the general due process guarantee of the Texas Constitution by unreasonably restricting access to the courts. Odak raises no additional due process arguments. Accordingly, we overrule Odak's first point of error.

RES IPSA LOQUITUR

Odak further argues that the cost bond or certification requirement of article 4590i should not apply to her claim raised under the theory of res ipsa loquitur because expert testimony is not required to prove such a claim. We hold that Odak has not raised a viable res ipsa loquitur claim.

 The common law negligence theory of res ipsa loquitur applies only in circumstances where the injury is of such a nature that it would not ordinarily occur absent negligence and the injury's instrumentality was in the exclusive management or control of the defendant. *Haddock v. Arnspiger*, 793 S.W.2d 948, 950 (Tex.1990). Its application is limited to cases where the circumstances surrounding the accident constitute sufficient evidence of the defendant's negligence. *Id.* The Medical Liability and Insurance Improvement Act restricts the application of the doctrine to only those circumstances in which it had been applied before the effective date of the act. TEX.REV.CIV. STAT. ANN. art. 4590i, § 7.01 (Vernon Pamph.1996).

*Haddock*, the leading case regarding health care claims under res ipsa loquitur since passage of the act, explains the circumstances in which it may apply. *Haddock*, 793 S.W.2d at 951. Res ipsa loquitur may apply

> when the nature of the alleged malpractice and injuries are *plainly within the common knowledge of laymen*, requiring no expert testimony. Examples of this exception include negligence in the use of mechanical instruments, operating on the wrong portion of the body, or leaving surgical instruments or sponges within the body.

*Id.* (emphasis added).

 Odak claims she suffered damages from her infant daughter's treatment in the neonatal intensive care unit of Arlington Memorial Hospital, appellee. The infant was allegedly administered a medication containing calcium gluconate by intravenous injection and suffered an infiltration of the chemicals into her foot and leg. The infiltration purportedly caused swelling, blistering, and burns to her foot and leg, leaving a large scar and skin discoloration.

Odak argues that it is within the common knowledge of a layman that infants do not suffer open wounds and scars from chemical burns while in a hospital nursery, and thus, this is an appropriate claim under res ipsa loquitur. She asserts that by the very nature of the theory, no expert testimony is required, and thus, there is no need to demonstrate that expert testimony is available to show that a physician or health care provider was negligent and a proximate cause of the injury.

However, the issue is not whether the common knowledge of laymen includes whether an injury should occur under a given set of circumstances, but whether the proper use of the instrument is within the common knowledge of laymen and whether such use caused the injuries in question. *Haddock*, 793 S.W.2d at 951. Most people do not know how to use intravenous needles properly. Although use of an intravenous needle may be within the common knowledge of many laymen, setting an intravenous needle in an infant, with its attendant problems, is not within the common knowledge of a layman. Plainly, the administration of intravenous therapy to infants requires professional training.

Accordingly, we hold that the proper use of an intravenous needle on an infant is not a matter within the common knowledge of laymen. Therefore, Odak has not raised a viable res ipsa loquitur claim. Because she has not raised a viable res ipsa loquitur claim, we need not determine whether the applicable version of article 4590i applies to such claims. Odak's second point of error is overruled.

CONCLUSION

The cost bond or certification requirement of the applicable version of article 4590i does not violate the Open Courts provision of the Texas Constitution by imposing a duty on an attorney that cannot be complied with without breaching the disciplinary rules. Moreover, it does not offend the Open Courts provision or the general due process guarantee of the Texas Constitution by placing an unreasonable and arbitrary barrier preventing open access to the courts. Further, be-

cause Odak has not raised a viable res ipsa loquitur claim, we need not determine whether it applies to medical malpractice claims raised under the theory of res ipsa loquitur. We affirm the trial court's order of dismissal.