# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00516-CV

**Willie Fields, Appellant**

**v.**

**Metroplex Hospital Foundation; Metroplex Adventist Hospital, Inc.; Adventist Health System; and Sunbelt Healthcare Corporation, Appellees**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT NO. 198,787-C, HONORABLE RICK MORRIS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Willie Fields appeals from the dismissal of his claims against appellees Metroplex Hospital Foundation, Metroplex Adventist Hospital, Inc., Adventist Health System, and Sunbelt Healthcare Corporation. Fields contends that the trial court erred by dismissing his suit for failure to file an expert report, by denying his motion for new trial, and by awarding attorneys' fees to appellees. We affirm the judgment.

### Background

Fields complains that appellees' nurses burned him with a hot compress. While in recovery from surgery, Fields was receiving fluids intravenously. His hand swelled near the IV

puncture site, which reduced his sensation in that hand. He alleges that, at a nurse's direction, another nurse wrapped a wet towel in plastic wrap, repeatedly heated it in a microwave, then applied it to the swollen area. He asserts that he received second-degree burns from the overheated towel, and that his treating physician did not authorize the compresses.

Fields filed suit on July 7, 2003. The 180-day period for filing an expert report expired on Monday, January 5, 2004. On January 12, 2004, Fields sought an extension of time to file an expert report. The court never expressly ruled on his motion, although the failure to grant the motion functioned as a denial. Fields filed an expert report on January 29, 2004, and an amended report on February 12, 2004. Appellees moved to dismiss his claim because his report was not filed timely and because the report was deficient. The district court dismissed the suit without stating a basis in its order. The court awarded $4,880.51 in attorneys' fees and $2.26 in costs to appellees.

**Discussion**

This dispute on appeal centers on whether Fields was bound by and complied with the then-applicable statute requiring plaintiffs bringing health care liability claims to file expert reports within 180 days of the filing of their original petition. *See* former Tex. Rev. Civ. Stat. Ann. art. 4590i, § 13.01.[1,2] The statute required that, by the 180th day after filing suit, plaintiffs file either

---

[1] This statute has been revised and codified since this suit was filed. Act of May 5, 1995, 74th Leg., R.S., ch. 140, § 1, 1995 Tex. Gen. Laws 985, 985-87 (adding expert report requirement, at former Tex. Rev. Civ. Stat. art. 4590i, § 13.01(d)), repealed and recodified as amended by Act of June 2, 2003, 78th Leg., R.S., ch. 204, §§ 10.01, 10.09, and 23.02(a), (d), 2003 Tex. Gen. Laws 847, 864, 884, 898-899 (adopting chapter 74 of the Texas Civil Practice and Remedies Code, applicable only to actions filed on or after September 1, 2003, and continuing prior law in effect for actions filed before that date) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 74.351 (West Supp.

a nonsuit or an expert report. *Id*. § 13.01(d). The court could, for good cause shown, extend the 180-day filing period by thirty days. *Id*. § 13.01(f). The expert report had to provide "a fair summary of the expert's opinions as of the date of the report regarding applicable standards of care, the manner in which the care rendered by the physician or health care provider failed to meet the standards, and the causal relationship between that failure and the injury, harm, or damages claimed." *Id*. § 13.01(r)(6). Failure to comply with the report requirement required the court, upon motion by a defendant, to dismiss the claim against that defendant and award to the defendant any attorneys' fees and costs it incurred. *Id*. § 13.01(e).

We review the propriety of a dismissal for failure to comply with section 13.01 for an abuse of discretion. *American Transitional Care Ctrs., Inc. v. Palacios*, 46 S.W.3d 873, 877-78 (Tex. 2001). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). When reviewing matters committed to the trial court's discretion,

---

2005)).

For convenience, we will refer to this revised and recodified statute as "former article 4590i" rather than the full session law citation.

[2] Appellees moved to dismiss for Fields's failure to file reports within two time periods—a 90-day period and a 180-day period. *See* former art. 4590i, § 13.01. The statute required that, before dismissing for failure to file a bond or report within 90 days, the court issue an order giving the plaintiff an opportunity to cure noncompliance. *See id*. § 13.01(b). Because the court did not issue such an interim order, we conclude that the trial court did not dismiss under that provision. Although the order does not specify a basis, it does award attorneys' fees and costs as permitted under the 180-day provisions. *See id*. § 13.01(e). Accordingly, we will examine only the propriety of dismissal pursuant to the 180-day period.

3

a court of appeals may not substitute its own judgment for the trial court's judgment. *Walker v. Gutierrez*, 111 S.W.3d 56, 62 (Tex. 2003). A trial court abuses its discretion if it fails to correctly analyze or apply the law. *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992).

Fields contends on appeal that he was not required to file an expert report because the nature of his injury was within the knowledge of a layperson. He contends that the premise that medical professionals should not apply compresses so hot that they cause second-degree burns is supported by the doctrine of res ipsa loquitur—the injury speaks for itself—and does not require expert testimony to substantiate the standard of care, its breach, or the causal relationship between the breach and his injury. He relies on cases holding that, where the nature of the injury is within common knowledge, no expert testimony is necessary. *See Haddock v. Arnspiger*, 793 S.W.2d 948, 951 (Tex. 1990); *Malone v. Hendrick Med. Ctr.*, 846 S.W.2d 951, 954 (Tex. App.—Eastland 1993, writ denied).

Courts have held that a plaintiff's statutory obligation to file a timely expert report remains even if the causation is commonly understood. *Hector v. Christus Health Gulf Coast*, 175 S.W.3d 832, 838 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *see also Murphy v. Russell*, 167 S.W.3d 835, 838 (Tex. 2005). In *Hector*, the plaintiff fell off an operating table when she was rotated during surgery and suffered a cut requiring stitches. 175 S.W.3d at 835. The trial court dismissed her suit for her failure to file an expert report under article 4590i. Hector argued that the expert report requirement did not apply because her claim was for simple negligence, not medical malpractice, and because proof of the relevant elements was supplied by res ipsa loquitur. *See id*. The appellate court determined that the negligence claims were medical liability claims within the

4

statute because they were based on a violation of the standard of care during medical treatment. *Id*. at 835-36. The court also held that, even if res ipsa loquitur applied to her case, it would not obviate the requirement that she file an expert report. *Id*. at 838. The court relied on the supreme court's *Murphy* opinion:

> It must also be borne in mind that article 4590i's expert report requirement *establishes a threshold over which a claimant must proceed to continue a lawsuit*. . . . It may be that once discovery is complete and the case is tried, there is no need for expert testimony. . . . But the Legislature envisioned that discovery and the ultimate determination of what issues are submitted to the factfinder should not go forward unless at least one expert has examined the case and opined as to the applicable standard of care, that it was breached, and that there is a causal relationship between the failure to meet the standard of care and the injury, harm, or damages claimed.

*Id*. (quoting *Murphy*, 167 S.W.3d at 838 (emphasis added to *Murphy* quotation by *Hector* opinion)). Although the *Murphy* opinion concerns whether a plaintiff alleging non-medical claims against a health care provider for injuries suffered during a medical procedure must file an expert report, the *Hector* court found dispositive its conclusion that the legislature required the filing of an expert report irrespective of how the claim will be proved at trial. *Id*. at 838-39.

We agree with the reasoning of the *Hector* opinion. Fields's claims—including his assault and battery claims—are based on the violation of the standard of care during medical treatment by health care professionals and thus are within the report requirement. In permitting some use of res ipsa loquitur, article 4590i provided that "[t]he common-law doctrine of res ipsa loquitur shall only apply to health care liability claims against health care providers or physicians in those cases to which it has been applied by the appellate courts of this state as of the effective date of this

subchapter." Former art. 4590i § 7.01. Section 7.01 does not refer in any way to the expert report requirement, and the report requirement does not refer to the res ipsa loquitur passage. *Compare id*. *with id*. § 13.01. While section 7.01 permitted some proof by res ipsa loquitur, it did not excuse the filing of a preliminary expert report for a health care liability claim grounded on that theory.

Fields alternatively contends that the court abused its discretion when it failed to grant his motion for extension of time to file a report, and erred by doing so without holding a hearing on the motion. The statute provided that "a court may, for good cause shown after motion and hearing, extend any time period . . . for an additional 30 days." Former art. 4590i, § 13.01(f).[3] The statute did not require a hearing in order to deny the motion. The court did not abuse its discretion merely by denying the motion without holding a hearing.

Nor did the court abuse its discretion by denying the motion. Under the statute, the granting of the motion for extension is discretionary even if good cause is shown. *Roberts v. Medical City Dallas Hosp.*, 988 S.W.2d 398, 402 (Tex. App.—Texarkana 1999, pet. denied); *see also Schorp v. Baptist Mem'l Health Sys.*, 5 S.W.3d 727, 732 (Tex. App.—San Antonio 1999, no pet.). Fields filed suit on July 7, 2003. The 180-day filing period expired Monday, January 5, 2004. On January 12, 2004, Fields sought a thirty-day extension of the filing period. As good cause, he cited his attorney's illness with a serious influenza infection beginning November 30, 2003, which forced him to cut back on his office hours. He noted that the proceeding was in the early stages of a 75-day abatement at that time because he had served notice of his claim on all defendants on

---

[3] Fields expressly made his motion under section 13.01(f). He did not mention or allege facts consistent with section 13.01(g). *See* former art. 4590i, § 13.01(g).

6

December 23, 2003 that was received on December 27, 2003. These facts alleged show that Fields's attorney was not incapacitated, and do not explain how the partial incapacitation prevented him from obtaining a timely expert report. We cannot say that these alleged facts rendered the denial of the motion an abuse of discretion.

Fields also contends that dismissal of his case violated his rights to open courts, due process, and equal protection under the federal and state constitutions. U.S. Const. Amend. V;[4] Tex. Const. art. I, §§ 13, 19. We begin with the presumption that a statute is constitutional. *See Enron Corp. v. Spring Indep. Sch. Dist.*, 922 S.W.2d 931, 934 (Tex. 1996). The party challenging the constitutionality of a statute bears the burden of demonstrating that it fails to meet constitutional requirements. *Id*.

Analyzing the interplay of the open courts provision and the expert report requirement, the Fort Worth court focused on whether the requirement was so onerous that it effectively deprived the litigant of access to the court. *See Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 872 (Tex. App.—Fort Worth 1996, writ denied). Fields has not shown that the requirement that he file a report timely was so onerous that it closed the courts to him. He filed a report, but late. This does not indicate that the requirement was too onerous.

---

[4] Fields's brief mentions the Sixth Amendment to the United States Constitution, but that provision, by its terms, applies only to criminal cases. U.S. Const. Amend. VI.

To analyze Fields's due process complaint, we apply a two-prong test.[5] *See Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983). The litigant must show (1) that a cognizable common-law cause of action is being restricted and (2) that the restriction is unreasonable or arbitrary when balanced against the purpose and basis of the statute. *Id*. Unless fundamental rights are implicated, however, the statute need only be rationally related to a legitimate legislative purpose. The supreme court described the report as a threshold requirement surmounted by having an expert assess the standard of care, its breach, and any causal connection between the breach and harm. *Murphy*, 167 S.W.3d at 838. The rationale is that this "small hurdle" serves the rational purpose of eliminating patently unmeritorious claims early, thereby reducing the aggregate costs of defending against frivolous claims and theoretically reducing the costs of insurance and medical care to all. *See Odak*, 934 S.W.2d at 871; *see also generally* former Art. 4590i, § 1.02 (detailing legislature's rationale for adopting statutory scheme). The facts alleged do not show that the burden on Fields to file a report is unreasonable or arbitrary when balanced against the systemic benefits of having an expert evaluate whether plaintiffs' claims have some merit. We find no violation of plaintiff's rights to due process or due course of law.

A similar balancing test defeats Fields's assertion that the dismissal violates his right to equal protection. Fields's claim is not subject to strict scrutiny because he has not shown that he claims impingement on fundamental rights or a suspect class. *See In re Living Ctrs. of Am., Inc.*, 10

---

[5] We evaluate this right under the Texas Constitution because it affords greater due process protection than the United States Constitution. *See Sax v. Votteler*, 648 S.W.2d 661, 666 (Tex. 1983).

S.W.3d 1, 6 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding) (strict scrutiny applicable to infringements on fundamental rights or suspect classes).**⁶** When a statute burdens a sensitive class or impinges on an important right, the statute is subject to an intermediate level of scrutiny, which requires a showing that the statute is substantially related to an important state interest. *See City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 440 (1985) (plurality opinion). All other equal protection claims are reviewed to determine whether the classification bears a rational relationship to a legitimate state interest. *See In re Living Ctrs., Inc.*, 10 S.W.3d at 6. Fields appears to assert that he is being treated differently from other plaintiffs by being barred from the courts and deprived due process available to others. But the legislature determined that medical liability plaintiffs should be treated differently because of the negative effects the numbers and cost of their lawsuits had on the provision of health care. *See* former art. 4590i, § 1.02. Fields has failed to show that the report requirement is not rationally or substantially related to a legitimate or important state interest. Accordingly, he has shown no violation of his right to equal protection.

In his second and third issues, Fields complains that the trial court erred by overruling his motion for new trial and by awarding attorneys' fees pursuant to former article 4590i section 13.01(e)(1). Both of these grounds are premised on the argument that the trial court erred by dismissing his suit, including the assault and battery claims in his second amended petition. As discussed, the assault and battery claims are subject to the report requirement. Because we have

---

**⁶** *See Richards v. League of United Latin Am. Citizens*, 868 S.W.2d 306, 314 (Tex. 1993) (fundamental rights include rights to travel, to vote, to marry, to personal privacy); *Frontiero v. Richardson*, 411 U.S. 677, 688 (1973) (suspect classes include those based on gender, race, alienage, and national origin).

found no error in the court's dismissal of the suit based on Fields's failure to comply with the expert report requirement, we conclude that the trial court did not err by overruling the motion for new trial or by awarding attorneys' fees.

## Conclusion

Having resolved all issues raised on appeal in favor of the judgment, we affirm the judgment of the trial court.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:   July 28, 2006