Opinion issued June 25, 2009









Opinion issued June 25,
2009

 

                                                                        

 



 

 

 

 

 

 

 

 

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO.   01-08-00733-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



DONNA SOLOMON-WILLIAMS, Appellant

 

V.

 

SHETAL NICHOLAS DESAI, INDIVIDUALLY, 

AND D/B/A FOOT CENTERS OF AMERICA, 

FOOT CENTERS OF TEXAS, P.L.L.C., Appellees

 

 



On Appeal from the 268th District Court

Fort Bend County, Texas

Trial Court Cause No. 08-CV-162396

 

 



MEMORANDUM OPINION

          Donna Solomon-Williams
appeals the trial court’s dismissal of her health care liability claims against
Shetal Nicholas Desai, individually, and d/b/a Foot Centers of America, Foot
Centers of Texas, P.L.L.C. (collectively, Foot Centers) for failure to serve
Foot Centers with an expert report within 120 days as required by statute.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 74.351(a) (Vernon Supp. 2008).  Solomon-Williams contends that section
74.351(a) deprives the trial court of the discretion to extend the service
deadline in cases of hardship, in violation of her due process rights under the
United States Constitution and the guarantee of the Texas Constitution’s open
courts provision.  We affirm.  

BACKGROUND

 

Solomon-Williams sued
Foot Centers on February 27, 2008, claiming that Foot Centers’ negligence in
treating her ankle caused her personal injury.  When Solomon-Williams failed to
serve an expert report within 120 days of suit, Foot Centers moved to dismiss
the claims against it on June 30, 2008.

          On July 14, 2008,
Solomon-Williams served an expert report on Foot Centers and moved the trial
court for enlargement of time to file the report, explaining that her medical
expert was unable to provide the report within the 120-day period because she
was unaware of the deadline and her expert, while attending to personal
responsibilities that arose following his mother’s death, did not return
telephone calls. 

          After a hearing, the trial
court denied Solomon-Williams’ motion for enlargement of time and granted Foot
Centers’ motion, dismissing Solomon-Williams’ claims with prejudice on July 25,
2008.  

DISCUSSION

I.       Standard of review

We review a trial court’s
ruling on a motion to dismiss under section 74.351(b) for an abuse of discretion. 
Tex. Civ. Prac. & Rem. Code Ann
§ 74.351(b) (Vernon Supp. 2008); Am. Transitional Care Ctrs. of Tex., Inc. v. Palacios, 46 S.W.3d 873, 877–78 (Tex. 2001); Apodaca v. Russo,
228 S.W.3d 252, 254 (Tex. App.—Austin 2007, no pet.). A trial court abuses its
discretion if it acts in an arbitrary or unreasonable manner or without
reference to any guiding rules or principles. Walker v. Gutierrez,
111 S.W.3d 56, 62 (Tex. 2003).  Nevertheless, when the issues on appeal involve
questions of law, such as the constitutional challenges here, we review the
trial court’s decision de novo.  The trial court “has no discretion in
determining what the law is, which law governs, or how to apply the law.”  Univ.
of Tex. Health Sci. Ctr. v. Gutierrez, 237 S.W.3d 869, 871 n.1 (Tex.
App.—Houston [1st. Dist.] 2007, pet. denied).




II.      Expert report 120-day
service requirement 

Under section 74.351(a)
of the Texas Civil Practice and Remedies Code, a claimant must serve an expert
report within 120 days of suit for each physician or health care provider
against whom a liability claim is asserted. Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a). If the claimant fails to
file the report within the 120-day period: 

the
court, on the motion of the affected physician or health care provider, shall,
subject to [an extension of time for a deficient report], enter an order that: 

(1)
awards to the affected physician or health care provider reasonable attorney’s
fees and costs of court incurred by the physician or health care provider; and 

(2)
dismisses the claim with respect to the physician or health care provider, with
prejudice to the refiling of the claim. 

Tex. Civ.
Prac. & Rem. Code Ann. § 74.351(b).  Solomon-Williams concedes that she did not file her expert
report within 120 days of suit.  In her request for enlargement of time to file
the report, she explained that good cause exists for the delay, and that the
delay did not result from any conscious indifference, nor did it prejudice Foot
Centers.  

Like Solomon-Williams,
the claimant in Badiga v. Lopez, failed to serve a report within the
statutorily prescribed period.  274 S.W.3d 681 (Tex. 2009).  She sought a
thirty-day extension, contending that her failure to serve a timely report was
not the result of conscious indifference and that the defendant could not have
been prejudiced.  Id. at 684.  The Supreme Court observed that “[t]hese
concerns are no longer relevant, however, in deciding a motion to dismiss when no
expert report has been served.”  Id.  Although its decision predated Badiga,
the trial court in this case reached the same conclusion in dismissing
Solomon-Williams’ suit.  See also Packard v. Miller, No. 07-06-00454-CV,
2007 WL 1662279, at *7 (Tex. App.—Amarillo May 31, 2007, pet. denied) (mem.
op.) (holding that statute did not permit trial court’s equitable extension to
file expert report; cause reversed and remanded with orders to dismiss); Herrera
v. Seton Nw. Hosp., 212 S.W.3d 452, 457 (Tex. App.—Austin 2006, no pet.) (“If
a claimant fails to serve the report with the curriculum vitae on or before the
statutory deadline, and the affected physician or health care provider files a
motion to dismiss the claim under section 74.351(b), the court has no
alternative but to dismiss the claim with prejudice.”).

A.      Constitutional
challenges

Solomon-Williams contends
that the Legislature’s elimination of “good cause” and “accident or mistake” as
discretionary grounds for extending the time in which to provide the expert
report violates her due process rights under the United States Constitution and
the open courts provision of the Texas Constitution.  See U.S. Const. amend. XIV; Tex. Const. art. I, § 13.   She
acknowledges that the statute provides for extension of the date for serving an
expert report “by written agreement of the affected parties.”  Tex. Civ. Prac. & Rem. Code Ann. §
74.351(a).  According to Solomon-Williams, however, this provision is essentially
a nullity because a defense counsel, acting as a zealous advocate, would never
agree to such an extension.  She contends section 74.351(a) violates her due
process rights because no legitimate state interest exists for an absolute bar
to any enlargement of time to present an expert report.  She also contends that the absolute
deadline deprives her of a meaningful opportunity to pursue her claim in
violation of the open courts provision of the Texas Constitution.[1]

In addressing due process
and open courts challenges, Texas courts have consistently confirmed the constitutionality
of the current and former versions of the Medical Practices Act. See Walker v. Gutierrez, 111 S.W.3d 56, 65–66 (Tex. 2003); Ledesma v. Shashoua, No.
03-05-00454-CV,  2007 WL 2214650, at *8–9 (Tex. App.—Austin Aug. 3, 2007) (mem.
op.); Smith v. Hamilton, No. 09-07-128 CV, 2007
WL 1793754, at *2 (Tex. App.—Beaumont June 21, 2007, no pet.) (mem. op.); Powell
v. Clements, 220 S.W.3d 138, 139–40 (Tex. App.—Waco 2007, pet. denied); Fields
v. Metroplex Hosp. Found., No. 03-04-00516-CV, 2006 WL 2089171, at *3–4
(Tex. App.—Austin July 28, 2006, no pet.) (mem. op.); Etheredge v. McCarty,
No. 05-05-00164-CV, 2006 WL 1738258, at *1 (Tex. App.—Dallas June 27, 2006, no
pet.) (mem. op.);   Herrera v. Seton Nw. Hosp., 212 S.W.3d 452, 460–62
(Tex. App.—Austin 2006, no pet.); Thoyakulathu v. Brennan, 192 S.W.3d
849, 854–56 (Tex. App.—Texarkana 2006, no pet.); Hogue v. Propath Lab., Inc.,
192 S.W.3d 641, 645 (Tex. App.—Fort Worth 2006, pet. denied); Williams v.
Keck, No. 03-05-00332-CV, 2005 WL 3499439, at *1–*3 (Tex. App.—Austin Dec.
21, 2005, pet. denied) (mem. op.); Rittenhouse v. Sabine Valley Ctr. Found.,
Inc., 161 S.W.3d 157, 166–67 (Tex. App.—Texarkana 2005, no pet.); Thomas
v. Univ. of Tex. Med. Branch, Nos. 01-03-00471-CV & 01-03-00472-CV,
2004 WL 1516456, at *2 (Tex. App.—Houston [1st Dist.] July 8, 2004, no pet.)
(mem. op.); Perry v. Stanley, 83 S.W.3d 819, 825 (Tex. App.—Texarkana
2002, no pet.); Gill v. Russo, 39 S.W.3d 717, 718–19 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).   We remain mindful of this precedent in reviewing
Solomon-Williams’ claims.

1.       Due process

 

In reviewing
Solomon-Williams’ due process challenge, we consider whether the challenged
statute has a reasonable relation to a proper legislative purpose, and whether
it is arbitrary or discriminatory.  Garay v. State, 940 S.W.2d 211, 218
(Tex. App.—Houston (1st Dist.) 1997, pet. ref’d); Cannon v. Lemon, 843
S.W.2d 178, 183 (Tex. App.—Houston [14th Dist.] 1992, writ denied).  If the law
is related to a proper legislative purpose and is not arbitrary or
discriminatory, it is constitutionally sound under the due process clause. 
Solomon-Williams challenges the constitutionality of the 120-day requirement on
its face.  Accordingly, to prevail, she must show that the statute, by its
terms, always operates unconstitutionally.  Garay, 940 S.W.2d at 218.  Whenever
possible, we interpret a statute in a manner that renders it constitutional,
under the presumption that the legislature intended constitutional compliance. 
City of Houston v. Clark, 197 S.W.3d 314, 320 (Tex. 2006); FM Props.
Operating Co. v. City of Austin, 22 S.W.3d 868, 873 (Tex. 2000).  

The Supreme Court has held that dismissal of a suit for failure to file
an adequate expert report does not violate due process guarantees, even if the
plaintiff does not receive notice of the report’s noncompliance before the
motion to dismiss.[2] 
 Walker, 111 S.W.3d at 66 (applying former article 4590i).  In the bill
that contained section 74.351, the Legislature found that the ever-increasing
number of medical liability lawsuits brought in Texas caused “a serious public
problem in availability and affordability of adequate medical professional
liability insurance” in the state, and “this crisis has had a material adverse
effect on the delivery of medical and health care in Texas . . . .” 
Act of June 2, 2003, 78th Leg. R.S., ch. 204, § 10.11, 2003 Gen. Laws 847
(current version at Tex. Civ. Prac.
& Rem. Code Ann. §§ 74.001–.507 (Vernon 2005 & Supp. 2008)); see
also Intracare Hosp. N. v. Campbell, No. 01-06-00356-CV, 2007 WL 926531, at
*5 (Tex. App.—Houston [1st Dist.] Mar. 29, 2007, no pet. h.) (observing that purposes
behind enactment of section 74.351 were, “among other things, to remove
unwarranted delay and expense, to accelerate the disposition of non-meritorious
cases, and to give hard-and-fast deadlines for the serving of expert reports”). 
The Legislature’s findings similarly provide a reasonable basis for its
elimination of the discretionary extension available under the superseded
statute.  

We hold these circumstances do not violate due process.  See id.; Herrera,
212 S.W.3d at 460–62; Thoyakulathu, 192 S.W.3d at 854–56 (holding that
dismissal of plaintiff’s suit for untimely filing under section 74.351, which
occurred because plaintiff’s facsimile machine malfunctioned during attempted
service on last day service would have been timely, was required, even though
statute did not provide for additional extensions or means of seeking relief
from the consequences for failure to meet statutory deadline); see also Schorp
v. Baptist Mem’l Health Sys., 5 S.W.3d 727, 737 (Tex. App.—San Antonio 1999, no pet.) (“Texas law is clear that when a litigant fails to comply with
the . . . expert report provisions . . . the dismissal of the action . . . does
not violate the due process and open courts provision of Article I of the Texas
Constitution”). 

          2.       Open
courts challenge

The open courts provision
of the Texas Constitution ensures that all litigants receive the opportunity to
redress their grievances and receive their day in court.  Tex. Const.  Ann. art. 1, § 13; Odak
v. Arlington Mem’l Hosp. Found., 934 S.W.2d 868, 871 (Tex. App.—Fort Worth
1996, writ denied).  The “provision is premised upon the rationale that the
legislature has no power to make a remedy by due course of law contingent upon
an ‘impossible condition.’”  Ledesma, 2007 WL 2214650 at *9 (citing Moreno
v. Sterling Drug, Inc., 787 S.W.2d 348, 355 (Tex.1990)).  To prevail on a
challenge under the Texas Constitution’s open courts provision,
Solomon-Williams must demonstrate that she has a well-recognized common-law
cause of action that is being restricted in an unreasonable or arbitrary manner
when balanced against the purpose and basis of the statute. See Odak,
934 S.W.2d at 871.  Thus, here, she must show that an unconstitutional
application of the expert report requirement actually prevented her from
pursuing her claim. See id. at 872; Herrera, 212 S.W.3d at 461.  

Several Texas appellate
courts, including this court, have held that the statute’s requirement is
rationally related to its purpose of discouraging frivolous malpractice suits
and does not violate the Texas Constitution. Powell v. Clements, 220
S.W.3d 138, 140 (Tex. App.—Waco 2007, pet. denied); see McGahey v. Daughters
of Charity Health Servs., No. 10-02-00288-CV, 2004 WL 1903300, *8–9 (Tex. App.—Waco Aug. 25, 2004, no pet.) (mem. op.); Perry v. Stanley, 83 S.W.3d 819, 825 (Tex. App.—Texarkana
2002, no pet.); Gill v. Russo, 39 S.W.3d 717, 718–19 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  Solomon-Williams has not shown that the statutory
120-day limit, as opposed to her own failure to timely provide an expert report,
prevented her from pursuing her claim.  See Herrera, 212 S.W.3d at
461–62.  We therefore hold that her state constitutional claims lack merit.

B.      Waiver

 

          In her final issue,
Solomon-Williams contends that Foot Centers waived any objection to her
late-filed report because it did not object to the sufficiency of the report
within 21 days after receipt.  See Tex.
Civ. Prac. & Rem. Code Ann. § 74.351(a).  We disagree.  A health
care defendant’s 21‑day deadline applies to an “objection to the
sufficiency” of an expert report, not to the fact that an expert report was not
served within the mandatory 120-day deadline.  See id.; Smith v. Hamilton, No. 09-07-128 CV, 2007 WL 1793754, at *4 (Tex. App.—Beaumont June 21, 2007,
no pet.) (mem. op.).  Solomon served the expert report in connection with
claims that were already subject to Foot Centers’ previously filed motion to
dismiss.  Once it had moved to dismiss the case for a failure to timely file
the required report, Foot Centers had no obligation to further object to it. 
In this case, Foot Centers took no action that was inconsistent with its
asserted right to dismissal of the claims against it.  We thus hold that Foot
Centers did not waive its request for dismissal of the untimely report.

CONCLUSION

 

          We reject Solomon-Williams’
constitutional challenges to section 73.351(a)’s 120-day deadline for service
of expert reports, and conclude that Foot Centers did not waive its right to
seek dismissal of Solomon-Williams’ claims by failing to object to her untimely
report after filing its own motion to dismiss based on a failure to timely file
the report.  We therefore affirm the judgment of the trial court.

 

 

                                                          Jane Bland

                                                          Justice

Panel consists of
Justices Keyes, Hanks, and Bland.

 

 

 

 

 









[1] 
Foot Centers claims that Solomon-Williams waived
her constitutional complaints by failing to obtain a ruling on them in the
trial court.  The record shows, however, that Solomon-Williams raised those
issues in her opposition to Foot Centers’ motion to dismiss.  In granting that
motion, the trial court necessarily rejected Solomon-Williams’ constitutional
arguments, and consequently, they were properly preserved for appellate
review.  See Tex. R. App. P.
33.1.  





[2]
The fact that the appellant in Walker
challenged the validity of the expert report provision under the Texas Constitution
rather than the federal constitution does not affect our analysis.  Because the
due process right guaranteed by the state constitution is coextensive with that
in the federal constitution, the same result obtains.  See Univ. of Tex.
Med. Sch. v. Than, 901 S.W.2d 926, 929 (Tex. 1995) (recognizing that, while
different wording is used in state “due course” provision compared to federal
“due process” provision, but has concluded, terms are “without meaningful
distinction”).