Opinion issued August 6, 2013



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00051-CV

————————————

**CHARLES P. BRANNAN AND CAREN ANN BRANNAN, APPELLANTS**

**V.**

**DENNIS M. TOLAND, M.D. AND NORTH CYPRESS MEDICAL CENTER OPERATING COMPANY, LTD., APPELLEES**

On Appeal from the 157th Judicial District Court
Harris County, Texas
Trial Court Cause No. 2012-50921

## MEMORANDUM OPINION

In this health-care liability case, Charles and Caren Brannan appeal a summary judgment in favor of Dennis Toland and North Cypress Medical Center Operating Company. The trial court ruled that limitations had expired more than three months before the Brannans filed suit, and that the Brannans had failed to toll

limitations by giving notice of their health care liability claim before the limitations period expired. On appeal, the Brannans contend that they provided sufficient notice of their claim in substantial compliance with Texas Civil Practice and Remedies Code sections 74.051 and 74.052. If not, they further contend, those sections violate the open courts provision of the Texas Constitution as applied to their claims. We affirm.

## Background

On June 21, 2010, Toland performed a colonoscopy on Charles Brannan, and allegedly negligently failed to diagnose Charles's anal squamous cell carcinoma. On June 15, 2012, the Brannans sent Toland and North Cypress Medical Center a notice of a health-care-liability claim, pursuant to section 74.051 of the Texas Civil Practice and Remedies Code. Rather than providing the statutorily-required medical release form, the Brannans attached a signed, but otherwise blank, HIPAA medical records release authorization form. Fields in the form providing for the name and address of the patient, the name of the health care provider authorized to release the information, the persons to whom the records could be released, and the types of records to be released were blank. In the accompanying notice letter, the Brannans stated that they had attached the form to authorize Toland to release Charles's medical records to the Brannans' attorney. The Brannans sued on September 4, 2012, for injuries resulting from the

misdiagnosis. The trial court granted Toland and North Cypress Medical Center's motions for summary judgment based on limitations.

## Discussion

*Standard of Review*

We review de novo the trial court's ruling on a motion for summary judgment. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). In a traditional motion for summary judgment, the movant must establish that no genuine issue of material fact exists and the movant is thus entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant and resolve any doubts in the non-movant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accid. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003).

Traditional summary judgment is proper only if the movant establishes that no genuine issue of material fact exists, and that the movant is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c). The motion must state the specific grounds relied upon for summary judgment. *Id.* A genuine issue of material fact exists if the non-movant produces more than a scintilla of probative evidence regarding the challenged element. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *see also Forbes Inc. v. Granada Bioscis., Inc.*, 124 S.W.3d

167, 172 (Tex. 2003) ("More than a scintilla of evidence exists if it would allow reasonable and fair minded people to differ in their conclusions."). A defendant moving for traditional summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997).

*Proper Notice and Limitations for Health Care Liability Claims*

A health-care-liability claim has a two-year limitations period. TEX. CIV. PRAC. & REM. CODE ANN. § 74.251(a) (West 2011). Plaintiffs asserting health-care liability claims must provide at least sixty days' notice to each physician or health care provider against whom a claim is made, before filing suit. *Id.* § 74.051. Notice provided under section 74.251 tolls the limitations period for seventy-five days. *Id.* § 74.051(c); *Rowntree v. Hunsucker*, 833 S.W.2d 103, 104 n.2 (Tex. 1992); *Rubalcaba v. Kaestner*, 981 S.W.2d 369, 373 (Tex. App.—Houston [1st Dist.] 1998, pet. denied). A medical-records release form, as statutorily-detailed in section 74.052, must accompany the notice. TEX. CIV. PRAC. & REM. CODE ANN. § 74.051 (providing that "[t]he notice must be accompanied by the authorization form for release of protected health information as required under Section 74.052."); *Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 189 (Tex. 2012).

Section 74.052 provides that "[t]he medical authorization required by this section shall be in the following form," and it proceeds to give the text of the form,

4

with blanks to be filled in with information specific to the plaintiff's claim. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052 (West 2011). Tolling occurs only when the plaintiff provides notice and the executed medical-records release authorization form. *See Tex. W. Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 189 (Tex. 2012); *Jose Carreras, M.D., P.A. v Marroquin*, 339 S.W.3d 68, 73 (Tex. 2011).

The notice and authorization form are intended to afford the defendant the ability to investigate the claim and resolve it prior to protracted litigation. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052; *Marroquin*, 339 S.W.3d at 73. The authorization form grants the defendant physician or health-care provider authorization to disclose the plaintiff's medical records. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052. The form must also identify the plaintiff's treating physicians for the five years before "the incident made the basis of the accompanying Notice of Health Care Claim," and authorize the defendants to obtain the plaintiff's medical records from these physicians. *Id.* § 74.052(b); *Mitchell v. Methodist Hosp.*, 376 S.W.3d 833, 837 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). The Brannans did not accompany their notice letter with the form required by section 74.052. Instead, they provided a blank medical-records release authorization form, containing Charles Brannan's signature only. The Brannans' form did not identify specific records from other medical providers and did not give permission to the defendants to seek the disclosure of other records.

5

As the Brannans observed in their notice letter, the form merely authorized Toland to disclose his medical records to the Brannans' attorney, but not to obtain any records from other physicians. Because the form does not list any treating physicians for the five years preceding the claim and does not authorize the defendants to obtain medical records from these providers, as required by section 74.052, it fails to comply with the statute.

The facts in this case are similar to those in *Mitchell.* There, the plaintiffs provided the defendants with a form that generally authorized disclosure of the plaintiff's protected health-care information. *Mitchell*, 376 S.W.3d at 837. Our Court rejected the Mitchells' form as a valid statutory-authorization form under section 74.052, because the form did not list the plaintiffs' treating physicians for the last five years, nor did it authorize the defendants to obtain medical records from those physicians. *Id.* Without these features, we held that the form could not fulfill the purpose of the statutory form, and thus it was insufficient to toll limitations. *Id.*

The Brannans rely on *Mock v. Presbyterian Hospital of Plano* to contend that the trial court should have accepted the form as in substantial compliance with section 74.052, thus tolling the statute of limitations. 379 S.W.3d 391, 395 (Tex. App.—Dallas 2012, pet. denied). In *Mock*, the plaintiff gave notice and provided the statutorily-prescribed authorization form, but in one of five fields on the form,

the plaintiff mistakenly entered the name of the defendant physician's attorney, rather than the physician. *Id.* at 394. The plaintiff had properly entered the physician's name in four similar fields. *Id.* at 395 n.2. The Dallas Court of Appeals held that, despite the mistake, the defendant had fair notice of the suit and was authorized to obtain the plaintiff's records. *Id.* at 395. In contrast, the Brannans provided a non-compliant form that did not authorize Toland to obtain the Brannans' medical records. The Brannans' reliance on *Mock* is thus misplaced. *See id.*

The Brannans also rely on *Rabatin v. Kidd*, in which the El Paso Court of Appeals held that a form that neither included the names of plaintiff's doctors for the last five years nor provided authorization to obtain them was nonetheless sufficient because the physician had in fact used the form to obtain records, thus permitting him to investigate the claim. 281 S.W.3d 558, 562 (Tex. App.—El Paso 2008, no pet.). The form in this case does not authorize the defendant doctor to obtain Charles's medical records, nor does the record assure us, as the one in *Rabatin*, that the doctor nevertheless actually obtained the relevant records. In contrast, the Brannans' accompanying letter states that any medical records should be released to the Brannans' attorney. Thus, *Rabatin*, too, is distinguishable. *See id.* at 562.

Accordingly, we hold that the authorization form that the Brannans provided did not toll the statute of limitations under section 74.051. *See id.* Because the Brannans failed to give proper notice pursuant to sections 74.051 and 75.052 before the statute of limitations had expired, and then filed suit after the limitations period, the trial court correctly held that their suit is time-barred. *See id.*

## *Open Courts*

The open courts provision of the Texas Constitution provides that litigants must receive an opportunity to redress their grievances in court. TEX. CONST. ANN. art. 1, § 13 ("All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."); *Odak v. Arlington Mem'l Hosp. Found.*, 934 S.W.2d 868, 871 (Tex. App.—Fort Worth 1996, writ denied). The open courts provision embodies the rationale that the legislature "has no power to make a remedy by due course of law contingent upon an 'impossible condition.'" *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 355 (Tex. 1990). To prevail on their challenge under the open courts provision, the Brannans must demonstrate that the legislature has restricted their common-law claim in an unreasonable or arbitrary manner, when balanced against the purpose and basis of the statute. *See Odak*, 934 S.W.2d at 871. A plaintiff may not obtain relief under the open courts provision if he does not use due diligence in pursuing his claim. *Stockton v. Offenbach*, 336 S.W.3d 610, 618 (Tex. 2011).

The parties do not dispute that the Brannans' medical negligence cause of action is recognized at common law. Thus, here, the Brannans must show that an unconstitutional application of the notice and medical release authorization requirements prevented them from pursuing their claim. *See Odak*, 934 S.W.2d at 872; *Herrera v. Seton Nw. Hosp.*, 212 S.W.3d 452, 461 (Tex. App.—Austin 2006, no pet.). Thus, we examine whether Chapter 74 of the Civil Practices and Remedies Code unreasonably or arbitrarily restricts their claim, when balanced against the purpose of the statute. *See Odak*, 934 S.W.2d at 871.

The notice and authorization form requirements afford the defendant the "ability to investigate the claim and resolve it prior to protracted litigation." *Marroquin*, 339 S.W.3d at 73. A strong public policy interest favors voluntary settlements. *See Wright v. Sydow*, 173 S.W.3d 534, 551–52 (Tex. App.—Houston [14th Dist.] 2004 pet. denied); TEX. CIV. PRAC. & REM. CODE § 154.002 (West 2011). The proper form to authorize access and disclosure is widely available and printed as an attachment to the statute. TEX. CIV. PRAC. & REM. CODE ANN. § 74.052. Because its provisions provide for the early investigation of claims and potential early settlement, the notice requirements advance the purpose of the overall health-care liability statutory framework—to investigate and resolve claims at the outset, where possible. *Marroquin*, 339 S.W.3d at 73. The Brannans have not otherwise shown that compliance with the notice and authorization requirements of

chapter 74 were unduly burdensome in their case, or that they could not have satisfied those requirements by exercising due diligence. Accordingly, we hold that the medical-records authorization requirements do not create unduly burdensome conditions in which to pursue a health care liability claim, and thus do not violate the open courts provision. *See Odak*, 934 S.W.2d at 871.

## Conclusion

We hold that the trial court properly granted summary judgment, because the limitations period expired before the filing of this lawsuit, and the notice and medical-records authorization requirements, as applied in this case, do not violate the open courts provision of the Texas Constitution. We therefore affirm the judgment of the trial court.


Jane Bland
Justice

Panel consists of Justices Keyes, Higley, and, Bland.